**JS-6**

# United States District Court
# Central District of California

JENNIFER LABUS,

        Plaintiff,

    v.

DAVID GOUGH; and DOES 1–10,

        Defendants.

Case № 2:17-cv-03022-ODW (AJWx)

**ORDER REMANDING ACTION**

## I.    INTRODUCTION

The Court has reviewed Defendant's Notice of Removal, and hereby issues this *sua sponte* order remanding the action for lack of subject matter jurisdiction. *See Mission Prop. Partners LLC v. Taylor*, No. CV 13-08475 MMM PJWX, 2013 WL 6860711, at *1 (C.D. Cal. Dec. 30, 2013).

This is an unlawful detainer action filed by Plaintiff Jennifer Labus against Defendant David Gough in the California Superior Court. Plaintiff alleges that Defendant breached a written agreement to pay rent at a rate of $1,600 per month ($53.33 per day) as of April 1, 2017. Defendant answered the complaint and removed the action to federal court. In the notice of removal, Defendant alleges that this Court has federal question jurisdiction because the claim arises under 42 U.S.C. § 3604.

## II.    LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the

Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

### III. DISCUSSION

There is neither federal question jurisdiction nor diversity jurisdiction here. An unlawful detainer claim is a state law claim, not a federal claim. *See, e.g.*, *Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011). Moreover, contrary to Defendant's assertion, Plaintiff's claim does not implicate the Fair Housing Act, 42 U.S.C. § 3604. *Id.* Thus, there is no federal question jurisdiction.

There is also no diversity jurisdiction. First, Defendant does not establish that the parties' citizenship is diverse. Second, Plaintiff's complaint expressly seeks less than $10,000, which is far below the jurisdictional amount in controversy. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (the amount sought by Plaintiff in the complaint controls if made in good faith, unless it appears to a legal certainty that Plaintiff could not recover that amount). Indeed, Plaintiff seeks to recover unpaid rent only as of April 1, 2017, which as of today's date amounts to only slightly more than $1,600. And while Plaintiff also requests recovery of attorneys' fees, Defendant does not indicate the reasonable amount of attorneys' fees to which Plaintiff would be entitled—which, in any event, could not reasonably

amount to enough to push the total amount in controversy to exceed the jurisdictional threshold.

## IV. CONCLUSION

For these reasons, the Court **REMANDS** this action to the Los Angeles Superior Court, Long Beach Branch, Case No. 17F01393. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

May 2, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**